## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**K & H DEVELOPMENT GROUP, INC,**
**a Florida Corporation; BLA-LOCK DESTIN**
**DEVELOPMENT, INC.,**
                   **Plaintiffs,**

**vs.**                                                    **No.   3:06cv494/MD**

**KEITH HOWARD; THE HOWARD**
**COMPANY OF THE SOUTHEAST, INC.,**
**a Florida Corporation; INTRAWEST**
**SANDESTIN COMPANY, L.L.C., a**
**Foreign Corporation; SANDESTIN**
**OWNERS ASSOCIATION, INC., a**
**Florida Non-Profit Corporation; and**
**WALTON COUNTY, FLORIDA, a**
**subdivision of the State of Florida,**
                   **Defendants.**

_____

### <u>ORDER</u>

On July 8, 2008, defendant Intrawest Sandestin L.L.C. ("Intrawest") filed an upopposed motion and supporting memorandum seeking modification of scheduling order to permit motion for summary judgment based on newly discovered facts. (Doc. 354).  The newly discovered fact was that plaintiff K&H Development Group, Inc. had sold the parcel of property at issue in this case for $2,625,000, an amount purportedly in excess of its expert's highest valuation of the property with the development rights that had allegedly been denied.  Title to the property in question passed to Bla-Lock Destin Development, Inc. ("Bla-Lock") pursuant to the

foreclosure sale.  Also on July 8, 2008, plaintiff moved to file a supplemental pleading and join Bla-Lock as a plaintiff in this matter pursuant to Federal Rules of Civil Procedure 15(d) and 25(c).  (Doc. 349).  This motion was granted, and the defendants were directed to file responses or dispositive motions.  (Doc. 357).

The court also granted Intrawest's motion to file a second summary judgment motion.  (Doc. 358).  In this order, the court denied Intrawest's first summary judgment motion as moot, afforded each of the remaining defendants thirty days in which to file a second summary judgment motion, and directed the plaintiffs to respond to the summary judgment motions within sixty days.

Intrawest has now moved for reconsideration of the court's order.  (Doc. 359). It asserts that its first motion for summary judgment addresses the issue of liability and is therefore not moot, because the second motion only addresses the issue of damages.  Intrawest also argues that nothing in plaintiff's supplemental pleading adding the additional party plaintiff as the successor in title to the subject property renders its first motion for summary judgment moot.

The court is not inclined to engage in piecemeal consideration of the parties' claims.  Clearly, the foreclosure sale of the property in question and the price for which it was sold is highly relevant to this case.  The addition of another party plaintiff also has legal impact.  Therefore, each of the defendants' pending motions for summary judgment will be denied without prejudice. Each defendant shall re-file a single superseding motion for summary judgment which addresses any relevant issues previously raised and incorporates a discussion of the change in circumstances in the plaintiff's case, specifically, the foreclosure sale of the subject property and the joinder of an additional plaintiff.  Statements of undisputed facts and legal argument must be submitted in their entirety, as they will supersede previous filings. Additional, non-duplicative exhibits may be submitted, but no party shall submit duplicates of exhibits previously filed with the court.

If all parties agree that mediation of this case would be beneficial given the apparent changed circumstances, they should notify the court.  Upon the court's receipt of such notification, it will stay the deadlines for filing the superseding dispositive motions and responses pending the outcome of the mediation.

Accordingly it is ORDERED:

Defendant Intrawest's motion for reconsideration (doc. 359) is GRANTED to the extent set forth herein.

The parties' pending motions for summary judgment (doc. 181, 185, 187 and 355) are DENIED without prejudice.

The deadlines and directions set forth in the court's orders of July 11, 2008 (doc. 357 & 358) are suspended.  Within thirty days from the date of this order, each defendant shall file a superseding motion for summary judgment, as set forth herein.

Within sixty days from the date of this order, plaintiffs shall file their responses to the defendants' motions for summary judgment.

DONE AND ORDERED at Pensacola, Florida this 18th day of July, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE