IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

K & H DEVELOPMENT GROUP, INC,
a Florida Corporation
        Plaintiff,

vs.                              No.   3:06cv494/MD

KEITH HOWARD; THE HOWARD
COMPANY OF THE SOUTHEAST, INC.,
a Florida Corporation; INTRAWEST
SANDESTIN COMPANY, L.L.C., a
Foreign Corporation; INTRAWEST
RESORTS, a Foreign Corporation;
SANDESTIN OWNERS ASSOCIATION, INC.,
a Florida Non-Profit Corporation; and
WALTON COUNTY, FLORIDA, a
subdivision of the State of Florida,
        Defendants.

_____

## ORDER

      Before the court is defendant Sandestin Owners Association, Inc.'s Motion for Attorney's fees and related nontaxable expenses and memorandum in support thereof (doc. 502) and plaintiff's response in opposition. (Doc. 514). Defendant moves pursuant to Rule 54(d)(2)B) for attorneys fees and expenses in the amount of $68,594.50 that it incurred during the time period of January 2007 through March 31, 2009 in defending this action.

      The general rule is that in the absence of litigation providing otherwise, litigants must pay their own attorney's fees. *Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Res.* 532 U.S. 598, 602, 121 S.Ct. 1835, 1839, 149 L.Ed.2d 855 (2001) (citig *Alyeska Pipeline Serv.Co. V. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)); *Christiansburg Garment Co., v. E.E.O.C.*,

434 U.S. 412, 98 S.Ct. 694, 697, 54 L.Ed.2d 648 (1978) (citation omitted). The Civil Rights Act of 1964 provides that a district court may in its discretion award attorney's fees to the prevailing party. *Christianburg Garment Co.,* 98 S.Ct. at 697; *Johnson v. Florida*, 348 F.3d 1334, 1350 (11th Cir. 2003). However, the court must find that the plaintiff's action was frivolous, unreasonable or groundless or find that the plaintiff continued to litigate after it clearly became so. 98 S.Ct. at 701. In *Johnson*, the Eleventh Circuit identified the following "general guidelines" for analyzing the strength of a plaintiff's case against the *Christianburg* standard:

> (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full blown trial on the merits.

*Johnson*, 348 F.3d at 1354-1355 (quoting *Sullivan v. School Bd. Of Pinellas County*, 773 F.2d 1182, 1185 (11th Cir. 1985)). The Supreme Court has also cautioned against "hindsight logic" which could discourage all but the most airtight claims. *Christiansburg Garment Co.,* 98 S.Ct. at 700. It further stated that:

> [n]o matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id.* at 700-701.

In ruling on defendant's motion to dismiss, this court found that the "plaintiff presented a short and plain statement (barely) setting out a cause of action sufficient to defeat a Rule 12(B)(2) motion to dismiss." (Doc. 128 at 2). There is no evidence that defendant offered to settle, and it is recalled that this case was dismissed after summary judgment on plaintiff's federal claims. With respect to this summary judgment motion, defendant SOA argues that the paucity of specific allegations against the SOA, the testimony of Walton County employees that the SOA had no involvement in the NOPC process or the determination of density/intensity issues,

the testimony of K&H's lone shareholder Roger Murray that the alleged wrongs with respect to density and intensity of the parcel had nothing to do with the SOA, and the absence of evidence of a conspiracy or civil rights violations by the SOA against K&H lead to a logical conclusion that SOA has been subject to "groundless" litigation. (Doc. 502 at 4-5). Defendant further asserts that even if plaintiff's claims appeared to be meritorious at the onset, changes were encountered during the course of discovery and litigation that should have caused plaintiff to concede the groundlessness of their claims and not continue to litigate them after that became clear.

Plaintiffs, in contrast, note that this case was actively and timely prosecuted over a period of several years, as evidenced by the abundance of docket entries. They also note that the six state law claims in the complaint remain active and will be pursued in state court.[1]  Finally, they argue that the final court ruling against the plaintiffs concerned "legally complex and factually driven determinations based on constitutional law." (Doc. 514 at 4).

Although the court finds this to be a fairly close question, after review of the record, including the court's summary judgment order, it is not comfortable finding that the plaintiff's case, even against this defendant, was frivolous, unreasonable or without foundation. Defendant's motion for attorneys fees will therefore be denied.

Accordingly, it is ORDERED:

Defendant's motion for Attorney's Fees (doc. 502) is DENIED.

DONE AND ORDERED at Pensacola, Florida this 5th day of May, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[1] Again, plaintiff appears to attempt to "lump" the defendants together as only one of these claims is against defendant SOA.