IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**K & H DEVELOPMENT GROUP, INC,**
a Florida Corporation, et al.
      **Plaintiffs,**

vs.                                           No.   3:06cv494/MD

**KEITH HOWARD; THE HOWARD
COMPANY OF THE SOUTHEAST, INC.,**
a Florida Corporation; **INTRAWEST
SANDESTIN COMPANY, L.L.C.,** a
Foreign Corporation; **INTRAWEST
RESORTS,** a Foreign Corporation;
**SANDESTIN OWNERS ASSOCIATION, INC.,**
a Florida Non-Profit Corporation; and
**WALTON COUNTY, FLORIDA,** a
subdivision of the State of Florida,
      **Defendants.**

_____

**ORDER**

      Before the court is defendant Walton County's Motion for Attorney's fees and related nontaxable expenses and memorandum in support thereof (doc. 518) and plaintiff's response in opposition. (Doc. 523). Defendant moves pursuant to Rule 54(d)(2)(B) for unspecified attorneys fees and expenses incurred in defending this action.

      The general rule is that in the absence of litigation providing otherwise, litigants must pay their own attorney's fees. *Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Res.* 532 U.S. 598, 602, 121 S.Ct. 1835, 1839, 149 L.Ed.2d 855 (2001) (citig *Alyeska Pipeline Serv.Co. V. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)); *Christiansburg Garment Co., v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 697, 54 L.Ed.2d 648 (1978) (citation omitted). The Civil

Rights Act of 1964 provides that a district court may in its discretion award attorney's fees to the prevailing party. *Christianburg Garment Co.,* 98 S.Ct. at 697; *Johnson v. Florida*, 348 F.3d 1334, 1350 (11th Cir. 2003). However, the court must find that the plaintiff's action was frivolous, unreasonable or groundless or find that the plaintiff continued to litigate after it clearly became so. 98 S.Ct. at 701. In *Johnson*, the Eleventh Circuit identified the following "general guidelines" for analyzing the strength of a plaintiff's case against the *Christianburg* standard:

> (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full blown trial on the merits.

*Johnson*, 348 F.3d at 1354-1355 (quoting *Sullivan v. School Bd. Of Pinellas County*, 773 F.2d 1182, 1185 (11th Cir. 1985)). The Supreme Court has also cautioned against "hindsight logic" which could discourage all but the most airtight claims. *Christiansburg Garment Co.,* 98 S.Ct. at 700. It further stated that:

> [n]o matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id.* at 700-701.

The County filed an answer rather than moving to dismiss the verified amended complaint. (Doc. 64). Thus, its assertion that plaintiffs "arguably "did not establish a prima facie case is without strong foundation. Furthermore, in ruling on the motions to dismiss filed by co-defendants Sandestin Owners Association, Inc., and Intrawest Sandestin Company L.L.C. and Intrawest Resorts, this court found that the "plaintiff presented a short and plain statement (barely) setting out a cause of action sufficient to defeat a Rule 12(B)(2) motion to dismiss." (Doc. 128 at 2). The County did not offer to settle, stating in the instant motion that it made no such offer, secure that it would ultimately prevail. Finally, it is recalled that this case was

dismissed after summary judgment on all of plaintiffs' federal claims. Defendant asserts that plaintiffs never provided more than conclusory allegations on the core issue that the subject property should receive a pro rata share of the development rights allocated to parcel 208/308, that plaintiffs' effort to prove the property was similarly situated to other property was "disingenuous" in light of "established and stringent case law requirements" for constitutional claims, and that case law establishing that there can be no substantive due process violation for executive decisions regarding state-created rights, such as land use rights, had been well-settled prior to this litigation. The County asserts that plaintiffs attempted to turn what should otherwise have been a routine land use determination into a claim of constitutional magnitude.

Plaintiffs, in contrast, note that this case was actively and timely prosecuted over a period of several years, as evidenced by the abundance of docket entries. They also note that the state law claims in the complaint remain active and will be pursued in state court. Finally, they argue that the final court ruling against the plaintiffs concerned "legally complex and factually driven determinations based on constitutional law." (Doc. 514 at 8).

Although the court finds this to be a fairly close question, after review of the record, including the court's summary judgment order, it is not comfortable finding that the plaintiffs' case against the County was frivolous, unreasonable or without foundation. Defendant's motion for attorneys fees will therefore be denied.

Accordingly, it is ORDERED:

Defendant's motion for Attorney's Fees (doc. 518) is DENIED.

DONE AND ORDERED at Pensacola, Florida this 6th day of May, 2009.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:06cv494/MD*