IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

K & H DEVELOPMENT GROUP, INC,
a Florida Corporation, et al.
    Plaintiffs,

vs.                                                                                    No.  3:06cv494/MD

KEITH HOWARD; THE HOWARD
COMPANY OF THE SOUTHEAST, INC.,
a Florida Corporation; INTRAWEST
SANDESTIN COMPANY, L.L.C., a
Foreign Corporation; INTRAWEST
RESORTS, a Foreign Corporation;
SANDESTIN OWNERS ASSOCIATION, INC.,
a Florida Non-Profit Corporation; and
WALTON COUNTY, FLORIDA, a
subdivision of the State of Florida,
    Defendants.

_____

## ORDER

    Before the court is the Howard defendants' motion for attorneys' fees and memorandum in support thereof (doc. 520) and plaintiff's response in opposition. (Doc. 527). Defendants move pursuant to Rule 54 for unspecified attorneys fees incurred in defending this action.

    The general rule is that in the absence of litigation providing otherwise, litigants must pay their own attorney's fees. *Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Res.* 532 U.S. 598, 602, 121 S.Ct. 1835, 1839, 149 L.Ed.2d 855 (2001) (citig *Alyeska Pipeline Serv.Co. V. Wilderness Soc'y,* 421 U.S. 240,

247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)); *Christiansburg Garment Co., v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 697, 54 L.Ed.2d 648 (1978) (citation omitted).  The Civil Rights Act of 1964 provides that a district court may in its discretion award attorney's fees to the prevailing party.  *Christianburg Garment Co.,* 98 S.Ct. at 697; *Johnson v. Florida*, 348 F.3d 1334, 1350 (11th Cir. 2003).  However, the court must find that the plaintiff's action was frivolous, unreasonable or groundless or find that the plaintiff continued to litigate after it clearly became so.  98 S.Ct. at 701.  In *Johnson*, the Eleventh Circuit identified the following "general guidelines" for analyzing the strength of a plaintiff's case against the *Christianburg* standard:

> **(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full blown trial on the merits.**

*Johnson*, 348 F.3d at 1354-1355 (quoting *Sullivan v. School Bd. Of Pinellas County*, 773 F.2d 1182, 1185 (11th Cir. 1985)).  The Supreme Court has also cautioned against "hindsight logic" which could discourage all but the most airtight claims. *Christiansburg Garment Co.,* 98 S.Ct. at 700.  It further stated that:

> **[n]o matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.  Decisive facts may not emerge until discovery or trial. . . .  Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.**

*Id.* at 700-701.

The Howard defendants filed an answer rather than moving to dismiss the verified amended complaint. (Doc. 69).  In ruling on the motions to dismiss filed by co-defendants Sandestin Owners Association, Inc., and Intrawest Sandestin Company L.L.C. and Intrawest Resorts,  this court found that the "plaintiff presented a short and plain statement (barely) setting out a cause of action sufficient to defeat a Rule 12(B)(2) motion to dismiss."  (Doc. 128 at 2).  The Howard defendants argue that plaintiffs' corporate representative "admitted [at his deposition] that he was not

aware of material facts to support Plaintiffs' claims." They also cite this court's memorandum opinion in which it found that plaintiffs failed to establish that they were similarly situated to their chosen comparator, the Howard defendants, and that no substantive due process violation lies where there is an executive deprivation of a state-created right. They note Keith Howard's $2,600,000 bid on the K&H parcel on the foreclosure sale, seemingly suggesting that this is tantamount to a settlement, as it would have made K&H whole based upon K&H's own expert witness' theory of damages at the time. Finally, they assert that each of plaintiffs' federal claims were frivolous, unreasonable, or without foundation.

Plaintiffs, in contrast, note that their claims survived the initial motions to dismiss. They also suggest that the fact that the Howard defendants chose to answer, rather than move to dismiss, supports a conclusion that the Howard defendants believed plaintiffs had established a prima facie case. They deny that the Howard defendants made a good faith settlement offer through Howard's attempt to purchase the K&H parcel, and note that four state law claims against these defendants remain active and will be pursued in state court. Finally, they argue that the final court ruling against the plaintiffs concerned "legally complex and factually driven determinations based on constitutional law." (Doc. 526 at 9).

Although the court finds this to be a fairly close question, as it was in the case of the other defendants' motions, after review of the record, including the court's summary judgment order, it is not comfortable finding that the plaintiffs' case against the Howard defendants was wholly frivolous, unreasonable or without foundation. Defendants' motion for attorneys fees will therefore be denied.

Accordingly, it is ORDERED:

The Howard Defendants' motion for Attorney's Fees (doc. 520) is DENIED.

DONE AND ORDERED at Pensacola, Florida this 11th day of May, 2009.

*Case No: 3:06cv494/MD*

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:06cv494/MD*