IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**K & H DEVELOPMENT GROUP, INC,**
a Florida Corporation, et al.
      **Plaintiffs,**

vs.                                        No.  3:06cv494/MD

**KEITH HOWARD; THE HOWARD
COMPANY OF THE SOUTHEAST, INC.,**
a Florida Corporation; **INTRAWEST
SANDESTIN COMPANY, L.L.C.,** a
Foreign Corporation; **INTRAWEST
RESORTS,** a Foreign Corporation;
**SANDESTIN OWNERS ASSOCIATION, INC.,**
a Florida Non-Profit Corporation; and
**WALTON COUNTY, FLORIDA,** a
subdivision of the State of Florida,
      **Defendants.**

_____

## ORDER

Before the court is defendant Intrawest's Motion for Entitlement to Attorney's Fees and Incorporated Memorandum of Law (doc. 519) and plaintiff's response in opposition. (Doc. 527). Defendant moves pursuant to Rule 54(d)(2)(B) for unspecified attorneys fees and expenses incurred in defending this action.

The general rule is that in the absence of litigation providing otherwise, litigants must pay their own attorney's fees. *Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Res.* 532 U.S. 598, 602, 121 S.Ct. 1835, 1839, 149 L.Ed.2d 855 (2001) (citig *Alyeska Pipeline Serv. Co. V. Wilderness Soc'y,* 421 U.S. 240,

247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)); *Christiansburg Garment Co., v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 697, 54 L.Ed.2d 648 (1978) (citation omitted).  The Civil Rights Act of 1964 provides that a district court may in its discretion award attorney's fees to the prevailing party.  *Christianburg Garment Co.,* 98 S.Ct. at 697; *Johnson v. Florida*, 348 F.3d 1334, 1350 (11th Cir. 2003).  However, the court must find that the plaintiff's action was frivolous, unreasonable or groundless or find that the plaintiff continued to litigate after it clearly became so.  98 S.Ct. at 701.  In *Johnson*, the Eleventh Circuit identified the following "general guidelines" for analyzing the strength of a plaintiff's case against the *Christianburg* standard:

> (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full blown trial on the merits.

*Johnson*, 348 F.3d at 1354-1355 (quoting *Sullivan v. School Bd. Of Pinellas County*, 773 F.2d 1182, 1185 (11th Cir. 1985)).  The Supreme Court has also cautioned against "hindsight logic" which could discourage all but the most airtight claims.  *Christiansburg Garment Co.,* 98 S.Ct. at 700.  It further stated that:

> [n]o matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.  Decisive facts may not emerge until discovery or trial. . . .  Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id.* at 700-701.

With respect to the three part test set forth in *Johnson,* the court notes that Intrawest moved to dismiss the plaintiff's verified amended complaint (doc. 62).  In ruling on defendant's motion to dismiss, this court found that the "plaintiff presented a short and plain statement (barely) setting out a cause of action sufficient to defeat a Rule 12(B)(2) motion to dismiss."  (Doc. 128 at 2).  Intrawest states that although it had no interest in paying any damages to the plaintiffs in light of the clear weaknesses in plaintiffs' case, it offered a "reasonable business solution" to the

dispute.  It explains that it offered to sell K&H the development rights K&H claim that its property had or should have had, at the market price of $113,762.81, in full settlement of K&H's claims.  (Doc. 519 at 13).  Intrawest claims that K&H acted unreasonably in rejecting its offer, which lends further support to its entitlement to fees.  Finally, it is recalled that this case was dismissed after summary judgment on all of plaintiffs' federal claims.  Defendant asserts that plaintiffs chose to escalate a state law land use dispute into a groundless constitutional claim, despite abundant case law nationwide establishing that federal courts have a very small role to play in land use disputes, thus causing the parties to expend significant time and money defending against these claims.

  Plaintiffs, in contrast, note that their claim was legally sufficient to survive the motion to dismiss.  They argue that the settlement offer made was, in their view, unreasonable, as it was an offer to purchase the development rights they claim were stolen in the first place.  They claim that discovery revealed information favorable to the plaintiffs, "as will bear fruit in the state court litigation," and also make argument concerning allegedly uncontroverted evidence about the development rights.  (Doc. 527 at 8-10).  However, such argument is wholly unrelated to the fee determination with respect to the federal civil rights claims.[1]  Plaintiffs further argue that  this case was actively and timely prosecuted over a period of several years, as evidenced by the abundance of docket entries.  Finally, they argue that the final court ruling against the plaintiffs concerned "legally complex and factually driven determinations based on constitutional law."  (Doc. 527 at 10).

  Although the court finds this to be a fairly close question, as with the other defendants, after review of the record, including the court's summary judgment order, it is not comfortable finding that the plaintiffs' case against defendant

---

[1]Likewise, plaintiffs' gratuitous comment that "[i]f Defendant Intrawest had simply exercised corporate responsibility and had a simple understanding of real property and land use law, none of the litigation in the past and none of the future litigation would have ever been necessary"(doc. 527 at 12), was irrelevant and unnecessary.

*Case No: 3:06cv494/MD*

Intrawest was wholly was frivolous, unreasonable or without foundation. Defendant's motion for attorneys fees will therefore be denied.

 Accordingly, it is ORDERED:

Defendant Intrawest's motion for Attorney's Fees (doc. 519) is DENIED.

DONE AND ORDERED at Pensacola, Florida this 11th day of May, 2009.


/s/ *Miles Davis*
  **MILES DAVIS**
  **UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:06cv494/MD*